GEORGE KELLY

*v.*

THOMAS GAHN *et al.*

*Filed at Ottawa November 17, 1884.*

ELECTION OF TOWN OFFICERS—*in the town of Lake—at what time.* The town of Lake, in Cook county, was incorporated by a special act in 1867, to be governed and managed by five trustees,—a supervisor, assessor and collector, to be elected, and the other two to be appointed by the county judge. In 1869 the charter of the town was revised, when it was provided that the town officers should be elected on the second Tuesday in April. In pursuance of the constitution, the legislature passed an act repealing all conflicting laws on the subject, and fixing the time for the election of town officers on the first Tuesday in April in each year: *Held,* that the supervisor, assessor and collector, being town officers, were properly elected on the first Tuesday in April, and that their election was governed by the general law, as revised in 1874, and that the two trustees provided in addition to those town officers, should be elected at the same time.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPHARD, Judge, presiding.

This was a petition for a *mandamus,* which sets out the charter and amendment thereto of the town of Lake, in Cook county, and the provisions therein requiring the annual election for town officers to be held on the second Tuesday of April. The petition alleges that no election was held on said day, in 1884, whereby a vacancy was occasioned; that the appellees are acting as the board of trustees and town clerk of said town; that a demand was made on them that they call an election, but that they have refused so to do, and asks that a writ of *mandamus* may be issued to compel such action. The answer of the appellants admits all the material averments of the petition, but alleges that the charter provision requiring the annual election to be held on the *second* Tuesday of April has been changed by the constitution of 1870 and the general laws of the State, so that such election

should now be held on the *first* Tuesday of April; alleges that a legal election was held on the first Tuesday of April, 1884; that such election was legal and regular in every respect; that at such election the appellees were duly elected to the respective town offices which they now severally hold; that they have duly qualified, and entered upon the duties of their respective offices, and are in the full possession and enjoyment thereof; that such election was free from all fraud; that it was notoriously and publicly canvassed and contested; that more than 6000 ballots were cast thereat, and the respondents elected by an average majority of more than 800 votes. To this answer the petitioner interposed a general demurrer, which, on hearing, was overruled by the court, and the petition dismissed.

The main question in this case is, whether the election held in the town of Lake on the first Tuesday of April, 1884, for a supervisor, assessor, collector, town clerk and trustee, was a legal and valid election, or not.

Mr. JOHN GIBBONS, for the appellant.

Mr. ALBERT H. VEEDER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The principal question presented by this record is, whether the election held in the town of Lake on the first Tuesday of April, 1884, for supervisor, assessor, collector, town clerk and trustee, was held on the day provided by law.

Cook county adopted township organization prior to 1867, and is still under that system. The town of Lake is one of the townships of the county. In 1867 the legislature passed an act incorporating the inhabitants of the town of Lake into a body politic and corporate, under the name of the "Town of Lake." The boundaries of the town, as fixed by the act, were declared to be, "all that district of country now known as the town of Lake, county of Cook, and State of Illinois."

The government of the town was intrusted to five trustees. The supervisor, assessor and collector of the town of Lake, and their successors in office, were constituted and declared to be *ex-officio* three of the board of trustees. Two were to be appointed by the county judge, and their successors, in the language of the act, "shall be elected at the next annual election thereafter, and biennially after the said next annual election, in the same manner that the other town officers of said town are elected." In 1869 the act of 1867 was superseded by an act entitled "An act to revise the charter of the town of Lake, in Cook county," which is now the charter of the town of Lake. Section 3 provides: "The officers of said town shall consist of the following officers only, to-wit: a supervisor, assessor, collector, town clerk, and such justices of the peace and constables as are now provided by law, who shall be elected in the same manner, and hold their office for the same length of time, and perform the duties provided by law for such officers, respectively, in other towns in Cook county, except as otherwise provided by this act. The government and corporate powers of said town shall be vested in and exercised by a board of five trustees, to consist of the supervisor, assessor, collector, and two trustees to be elected as provided in this act. The election of town officers and trustees may be contested as in other cases of town officers." Section 2 provides: "The election for the officers contemplated by this act shall be held on the second Tuesday in April." Section 37 provides: "An election shall be held in said town on the second Tuesday of April, 1870, and on the second Tuesday of April in each year thereafter, for the election of trustees and town officers, except justices of the peace and constables." Section 39 provides: "At the election on the second Tuesday of April, 1870, as herein provided, there shall be elected by the legal voters of said town, two trustees, who, together with the supervisor, assessor and collector, shall thereafter constitute the said board."

Under the act of 1869, it is plain that the proper time for holding the election would occur on the second Tuesday of April; but it is insisted by the appellees that the time mentioned in the act of 1869 has been changed by the constitution of 1870, and the legislation which has taken place under and by virtue of that instrument. Section 5, of article 10, of the constitution of 1870, provided that the General Assembly shall provide by general law for township organization, and that no two townships shall have the same name, and the day of holding the annual township meeting shall be uniform throughout the State. In compliance with this provision of the constitution, in 1872 the legislature passed a general law for township organization, applicable alike to all the counties in the State which had, or might adopt, that system, repealing all conflicting laws on the subject. In 1874 the law was revised, and it is now chapter 139 of the Revised Statutes of 1874. The act contains the following provisions: "The annual town meeting in the respective towns, for the election of town officers, shall be held on the first Tuesday of April in each year." (Art. 6, sec. 1.) "At the annual town meeting in each town there shall be elected, by ballot, one supervisor, one town clerk, one assessor and one collector, who shall severally hold their offices for one year, and until their successors are elected and qualified, and such justices of the peace and constables and highway commissioners as are provided by law." (Art. 7, sec. 1.) And then comes article 15, section 2: "Whereas, the constitution requires that the day of holding the annual township meeting shall be uniform throughout the State; and whereas, in the county of Cook the day of election, as fixed by law, is not the same as that in the majority of the counties of this State, and there is doubt whether any election can legally be held in such county for town officers, an emergency exists that this act take immediate effect, and be in force from and after its passage."

The constitution, and the laws passed under it, fixed upon the first Tuesday of April as the day on which a supervisor, town clerk, assessor and collector should be elected in every town in the State located in a county which had adopted township organization, and repealed all local or special laws providing for the election at a different date. This necessarily changed the time provided by the act of 1869 for holding the election. The fact that the act of 1869 made the town of Lake a corporation, does not, in our judgment, affect the question. When the charter was passed, the town of Lake had its supervisor, assessor and collector, who had been elected under the Township Organization law. Those officers remained with the same duties and powers after the charter was passed, as before. In addition to their duties and powers as town officers, they were made trustees, to assist in the government of the new corporation, but they continued to be town officers, notwithstanding the new duties which had been imposed upon them by the act of 1869. The town of Lake had its supervisor, collector and assessor, as town officers, with their respective duties, as town officers, to perform, after the enactment of the acts of 1867 and 1869, as before. As supervisor, collector and assessor they were not officers under the act of 1869, but they were merely town officers. If, then, they retained this character, it is plain that they would fall under and be governed by the general law as to their duties and time of election.

The act providing that the annual town meeting for the election of town officers shall be held on the first Tuesday of April, included every town in the State under township organization. Prior to the adoption of the constitution of 1870 there was not uniformity in the elections in towns under township organization. Some towns elected in November, and some in April. The town officers in Cook county were elected in November. Much confusion existed in different localities, growing out of the want of uniformity in the election of town

officers. This doubtless led to the constitutional provision that the day of holding the annual township meeting shall be uniform throughout the State. It is a salutary provision, and one, too, which was much needed, and it should be upheld and sustained. There may be some doubt in regard to the time when the two trustees who, in connection with the supervisor, collector and assessor, constitute the board, should be elected; but one thing is apparent, and that is, that the legislature never intended that there should be two elections,— one on the first and the other on the second Tuesday of April. Under the acts of 1867 and 1869, it was designed by the legislature that the trustees should be elected on the same day that the town officers were elected. Section 2 of the act of 1869, heretofore cited, is plain on this point. The language is: "The election for the officers contemplated by this act shall be held on the second Tuesday in April." So, also, section 37 declares, that "an election shall be held in said town on the second Tuesday of April, 1870, and on the second Tuesday of April in each year thereafter, for the election of trustees and town officers." From these and other provisions of the acts of 1867 and 1869, which might be cited, the conclusion is plain that the legislature designed that the town officers and trustees should all be elected on the same day. When, therefore, the day of election for town officers was changed by law, we are of opinion the law necessarily changed the day for the election of trustees. The change followed as a logical result. The provisions of the acts of 1867 and 1869, when considered in connection with the constitution and the Township Organization law, clearly lead to this conclusion.

The judgment will be affirmed.

*Judgment affirmed.*